# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:12-cr-159 |
| | § | Judge Crone |
| JEMILAT A. WILLIAMS (4) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant's Opposed Motion to Dismiss Indictment (Dkt. #44).

## BACKGROUND

Defendant was charged with three co-defendants in count one of the indictment with conspiracy to defraud lending institutions by making materially false and fraudulent representations by mail and by wire in order to obtain money or property in violation of 18 U.S.C. §§ 1349, 1341 and 1343. Specifically, it is alleged that Defendant obtained a mortgage loan by making false material statements on a Uniform Residential Loan Application and related supporting materials in order to obtain a mortgage loan on a property located at 408 W. 16th Street in Houston, Texas. The alleged false material statement related to Defendant's employment, income, and intent to occupy the property. The other Defendants are also charged in additional counts.

On October 9, 2012, Defendant filed her motion to dismiss (Dkt. #44). Also on October 9, 2012, the Government filed a response (Dkt. #47). On October 12, 2012, Judge Crone referred the motion to the undersigned for consideration and a determination or recommended disposition (Dkt. #48).

Defendant asserts the following reasons for dismissal of the indictment: (1) pursuant to Rule 12(b)(3)(B), there is a defect in the indictment because the indictment contains "and/or;" and (2) that

the indictment on its face is ambiguous and does not specify that a crime was committed against the laws of the United States by Defendant.

Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure supply the procedural means for a criminal defendant to challenge the sufficiency of an indictment. In general, an indictment is sufficient to survive a motion to dismiss "if it contains the elements of the charged offense, fairly informs the defendant of the charges against him, and insures that there is no risk of future prosecutions for the same offense." *United States v. Cavalier*, 17 F.3d 90, 92 (5th Cir. 1994) (citing *United States v. Arlen*, 947 F.2d 139, 144 (5th Cir. 1991)). The propriety of granting a motion to dismiss an indictment pursuant to Rule 12(b)(3)(B) "is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) (quoting *United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005)). "If a question of law is involved, then consideration of the motion is generally proper." *Id.* (quoting *Flore*s, 404 F.3d at 324).

The determination of whether an indictment sufficiently alleges the elements of an offense is a question of law properly raised by a motion to dismiss. *United States v. Shelton*, 937 F.2d 140, 142 (5th Cir. 1991). When reviewing a motion to dismiss an indictment for failure to state an offense, a court must take the allegations of the indictment as true and determine whether an offense has been stated. *Fontenot*, 665 F.3d at 644 (citing *United States v. Crow*, 164 F.3d 229, 234 (5th Cir. 1999)). An indictment must allege each and every essential element of the charged offense in order to pass constitutional muster. *Shelton*, 937 F.2d at 142. However, the Court must also be mindful that "the law does not compel a ritual of words," and that the validity of an indictment depends on practical, not technical, considerations. *United States v. Ratcliff*, 488 F.3d 639, 643 (5th Cir. 2007) (citation omitted). An indictment need only "be a plain, concise, and definite written statement of

the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).

Defendant first asserts that Count one of the indictment states as follows: Charles, Jarrod, Julius, **and/or** Jemilat did knowingly …(Emphasis added).[1] Defendant argues that the use of "and/or" is a defect on the face of the indictment because either she is culpable or she is not. The Government responds that the use of "and/or" is immaterial as to whether Defendant made an unlawful agreement or joined in it willfully. The Government asserts that the indictment sufficiently alleges that one or more of the co-conspirators made false material facts during the course of the conspiracy and that Defendant joined in this conspiracy and that Defendant took very specific actions in furtherance of the conspiracy. The Court agrees and does not see that the use of "and/or" is a defect that requires dismissal of the indictment. The indictment is more than sufficient to apprise her of what she needs to be prepared to meet for trial.

Defendant also asserts that the indictment does not allege with specificity that she formed a conspiracy, due to the fact that the indictment lists three other co-defendants and leaves out the actual names of other persons both "known and unknown to the Grand Jury." The indictment sets out that all four defendants "knowingly and willfully conspired, confederated, and agreed with each other and with other individuals both known and unknown to the United States Grand Jury..." This is sufficient, especially when read with the remaining details of count one. The indictment properly provides sufficient notice of the acts for which Defendant is culpable.

Defendant next asserts that count one of the indictment fails to invoke the court's jurisdiction or state an offense, because the Government cannot point to how or why Defendant committed

---

[1] The Court would note that paragraph six of the indictment states that "Between on or about February 14, 2007, and on or about June 19, 2012, in the Eastern District of Texas and elsewhere, Charles, Jarrod, Julius, and Jemilat knowingly **and** willfully conspired, confederated, and agreed with each other..." (Emphasis added).

interstate mail or wire fraud. Defendant points to paragraph seven of the indictment, which charges Defendant with obtaining houses for personal gain and for the growing of marijuana in said homes. Defendant argues that all other counts regarding the growing of marijuana leave Defendant out of the charge, and it is unclear whether the Government is charging Defendant with conspiracy, growing marijuana, or defrauding homeowners. The Government responds that it need not show "how or why" the crime was committed except to the extent necessary to establish that proper venue and jurisdiction has been established. The Government points out that the indictment does in fact identify why the crime was committed and how it was committed. The Court agrees. *See* Indictment, paragraphs 14 and 17 (Dkt. #14). A reading of count one clearly indicates what Defendant has been charged with, and Defendant's motion should be denied.

## RECOMMENDATION

The Court recommends that Defendant's Opposed Motion to Dismiss Indictment (Dkt. #44) should be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 21st day of November, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE